Leonard, J.
The defendant Ingersoll has been arrested and held to bail in five hundred thousand dollars. He now offers his father and Mr. Watson, who have each stated on oath that they are worth-over that sum.
On examination by counsel for the plaintiff, it appears, that valuable property to a very large amount has been conveyed to each of the bail by other friends of the defendant, to enable the bail to become qualified in the requisite sum.
The conveyance is absolute, and without any qualification. The property so conveyed is now owned by the bail as much as any other property which they themselves possessed.
It is suggested that the property may be reconveyed when the purpose has been accomplished of bailing the defendant. It is true ; and so may the bail convey any other property which they or either of them now own, either with or without consideration. The conveyance of their property as a gift, would not be valid as against creditors. If a judgment should ever be obtained against the bail on the undertaking now executed, the property which has been so conveyed to to the bail, can be reached as readily as any other that these persons now own. Any gift or reconveyance of that property without adequate consideration, will be subject to the pursuit of the plaintiff by legal *25 remedies, in the same manner as their other property will be.
If the property conveyed to the bail had belonged to the defendant and he had so conveyed it, I think the case would have been different.
The property cannot be legally distinguished from the other property of the bail, in determining their qualifications as sureties.
I think the bail must be approved.